UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LINDA BARTOLLI HALL,

      Plaintiff,

v.                                        Case No:  6:19-cv-1066-GJK

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## ORDER[1]

Plaintiff Linda Bartolli Hall appeals from a final decision of Defendant, the Commissioner of Social Security, denying her application for disability insurance benefits (Docs. 1, 20).

### Background

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). The process requires the ALJ to determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner to prove that other jobs

_____

[1] Judge Smith is handling this case while Judge Kelly is indisposed.

exist in the national economy that the claimant can perform. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n.5 (1987); <u>Phillips</u>, 357 F.3d at 1241 n.10.

At step one of the sequential analysis the ALJ found that Plaintiff had not engaged in substantial gainful activity from her alleged onset date through her date last insured (Tr. 17). At step two, the ALJ determined that Plaintiff suffered from the severe impairments of hypertension, throid disorder, aortic valve disease and chronic pain syndrome (<u>Id.</u>). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (Tr. 18). Next, the ALJ decided that Plaintiff had the residual functional capacity ("RFC") to perform

> less than the full range of light work as defined in 20 CFR 404.1567(b) except she can lift and carry 20 pounds and 10 pounds frequently; sit, stand and walk for up to 6 hours in an 8-hour workday, occasional climbing but never climb ladders, ropes or scaffolds; occasional bending, stooping, kneeling, crouching or crawling; avoid concentrated exposure to hazards such as heights and machinery and to sunlight.

(Tr. 18). At step four, the ALJ determined that through her date last insured, Plaintiff was capable of performing her past relevant work as a waitress informal (Tr. 21). The ALJ also found there were other jobs in the national economy Plaintiff was able to perform and that, at 56 years old, she was an "individual closely approaching advanced age, on the date last insured." (Tr. 22). Based upon these findings, the ALJ concluded that Plaintiff was not disabled.

**Standard of Review**

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial

evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004).

Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).

Substantial evidence is "more than a scintilla but less than a preponderance. It is such

relevant evidence that a reasonable person would accept as adequate to support a

conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011)

(citation omitted). When the Commissioner's decision is supported by substantial

evidence the district court will affirm even if the reviewer would have reached a contrary

result as finder of fact, and even if the reviewer finds that the preponderance of the

evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400

(11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or

substitute our judgment for that of the [Commissioner.]" Id. "The district court must view

the record as a whole, taking into account evidence favorable as well as unfavorable to

the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord

Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the

entire record to determine the reasonableness of the factual findings).

**Discussion**

Plaintiff argues that the Commissioner's decision should be reversed because:

(1) the administrative law judge ("ALJ") failed to apply the correct legal standard when

she found Plaintiff could return to her past work; and (2) the ALJ failed to apply the

correct legal standard at step five because the ALJ found Plaintiff was a person closely

approaching advanced age instead of a person of advanced age (Doc. 20 at 5, 12).

A vocational expert ("VE") testified that Plaintiff's past relevant work included

dining room attendant and waiter-waitress informal and that Plaintiff could perform her

past relevant work as a waitress informal as actually and normally performed (Tr. 21).

The ALJ decided the evidence of record, including Plaintiff's testimony, showed that she had performed the waitress job within the last fifteen years at the Substantial Gainful Activity ("SGA") level and long enough to learn the job (R. 22). SGA is measured primarily by whether the claimant's average monthly earnings are above or below a certain amount established by the Social Security Administration's earnings guidelines. Eyre v. Comm'r of Soc. Sec., 586 F. App'x 521, 524 (11th Cir. 2014)[2] (citing 20 C.F.R. § 404.1574(b)(2)-(3), 416.974(b)(2)-(3)). However, earnings are not dispositive. Id. The ALJ can consider other information, "including whether the work performed was comparable to that of unimpaired people in the claimant's community who were doing the same or similar occupations as their means of livelihood, taking into account the time, energy, skill, and responsibility involved in the work." Cooper v. Comm'r of Soc. Sec., No. 6:18-cv-1352, 2019 U.S. Dist. LEXIS 118190, at *15-16 (M.D. Fla. Jun. 28, 2019) (citations omitted). The only time Plaintiff had earnings over the SGA threshold was from 2004-2007 when she worked as a bartender and "lane waitress" (Doc. 20 at 6-8).

Past relevant work is work done within the past fifteen years, that constitutes SGA, and lasts long enough for the claimant to learn to do it. 20 C.F.R. § 404.1565(a), 416.965(a). SGA is defined as work that is both substantial and gainful. 20 C.F.R. § 404.1572, 416.972. Work is substantial if it involves significant physical or mental work activities, and gainful if it is done for pay or profit. Id.

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

Plaintiff disputes the ALJ's finding that she could still perform her past relevant work as a waitress because Plaintiff only testified to her responsibilities as a bartender (Doc. 20 at 6-8). Consequently, Plaintiff argues there is no substantial evidence to support the ALJ's finding concerning her past work as a waitress (Id.). The Commissioner maintains that there is other record evidence of Plaintiff's past relevant work which included waitress/server jobs which rose to the level of SGA even though Plaintiff's earnings from those jobs did not exceed the SGA earnings threshold (Id., at 9-11).

The Regulations require that Plaintiff not be able to "perform her past *kind* of work, not that she merely be unable to perform a specific job she held in the past." Id. (quoting Jackson v. Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986)). The question is whether Plaintiff can return to her former "*type* of work (i.e., occupation) rather than to a specific prior job." Id. (citation omitted).

Plaintiff testified that as a bartender she stocked the bar, cleaned tables, and took care of the customers behind the bar and outside (R. 44). She did not discuss her responsibilities as a waitress (R. 43-44). Plaintiff's representative told the ALJ that, "based on what I see, everything else that's under SGA unless there's some other job you want me to explore?" (R. 44). The ALJ asked the VE if she required more information and the VE said "no." (Id.; R. 47).

The VE testified that she reviewed the file and exhibits and familiarized herself with Plaintiff's vocational background (R. 47). The VE classified Plaintiff's past work as "Dining room attendant, 311.677-018, medium, SVP 2.  and waiter waitress informal, 311.477-030, light, SVP 3." (R. 47). After providing her RFC assessment the ALJ asked

the VE if Plaintiff would be able to return to her past work (R. 48). The VE said Plaintiff

would be able to return to her past work as "waiter waitress informal." [3] Id. Plaintiff's

lawyer did not ask the VE about her classification of Plaintiff's past relevant work as

dining room attendant or waiter waitress informal (Id. at 49-50). The Dictionary of

Occupational Titles provides the following description for "waiter/waitress, informal

(hotel & rest.) alternate titles: server":

> Serves food to patrons at counters and tables of
> coffeeshops, lunchrooms, and other dining establishments
> where food service is informal: Presents menu, answers
> questions, and makes suggestions regarding food and
> service. Writes order on check or memorizes it. Relays order
> to kitchen and serves courses from kitchen and service bars.
> Observes guests to respond to additional requests and to
> determine when the meal has been completed. Totals bill
> and accepts payment or refers patron to CASHIER ... [m]ay
> ladle soup, toss salads, portion pies and desserts, brew
> coffee, and perform other services as determined by
> establishment's size and practices. May clear and reset
> counters or tables at conclusion of each course [DINING
> ROOM ATTENDANT (hotel & rest.) 311.677-018.]

Plaintiff argues that the VE's designation of her past relevant work as waiter

waitress informal is not supported by the record because Plaintiff did not meet the

required SGA earnings threshold for that job (Doc. 20 at 7; R. 154). But, when the VE

classified Plaintiff's past relevant work as dining room attendant and waiter-waitress

informal Plaintiff did not challenge that designation, she did not question the VE about

the designation, and she did not provide evidence to rebut that designation or her ability

to do that work (R. 48-50). Having failed to address the issue directly at the hearing,

Plaintiff now argues it was sufficient that her representative concluded his questioning of

---

[3] The VE did not indicate Claimant could return to her past work as a dining room attendant.  R. 22, 48.

Plaintiff by stating that no additional information would be provided unless the ALJ or VE required additional testimony because none of Plaintiff's other jobs met the SGA earnings threshold (R. 44). Although the ALJ and VE did not ask for additional testimony, Plaintiff should have offered to provide more information after the VE found her past relevant work was dining room attendant or waiter-waitress informal (R. 44).

Plaintiff failed to satisfy her burden at step four to demonstrate her work experience as a banquet server, restaurant server, and lane waitress did not constitute past relevant work as a waiter-waitress informal or was not properly classified by the VE. See Baker v. Berryhill, No. 1:17-cv-217, 2018 WL 3056699, at *8 (N.D. Fla. June 1, 2018) (where claimant testified she previously worked as a cashier, and her work history information reflected she previously worked as a cashier, and neither claimant or her attorney ever suggested that her work as a cashier was not past relevant work, any error was invited and substantial evidence supported the ALJ's decision); see also Rivera v. Colvin, No. 1:15-cv-146, 2016 WL 4424973, at *6 (N.D. Fla. Mar. 3, 2016), adopted at 2016 WL 4414792 (Aug. 18, 2016) (claimant failed to meet her burden at step four where claimant offered no evidence to rebut the ALJ's determination and had opportunity to question both claimant and VE at hearing regarding claimant's past relevant work); New v. Comm'r of Soc. Sec., 5:12-cv-211, 2013 WL 3804846, at *3 (M.D. Fla. July 8, 2013) (where claimant's attorney did not object to VE's testimony identifying prior work as a housekeeper or raise the issue, the ALJ was not obligated to specifically address the concerns later raised by claimant).

Additionally, as part of her work history report signed on July 2, 2015 Plaintiff reported the following work: (1) Sweetwater Country Club Restaurant and Golf Course,

Banquets, January 2015-July 2015; (2) Waffle House, Server, January 2012 to January 2013; (3) Perkins, Server, June 2010 to January 2012; and (4) Errol Estates, Server and Banquet, July 1995 to January 2012 (R. 186-87). The job descriptions Plaintiff provided for these jobs included taking orders, serving food, busing tables, setting up for banquets and cleaning up (R. 188-90). She reported having worked at Errol Estates eight hours per day [sic] 40 days per week [4] (R. 190). Plaintiff also reported having worked at Perkins eight hours per day [sic] 32 days per week (R. 189). While at Waffle House, she said she eight hours per day [sic] 32 days per week (R. 188). Plaintiff offered details regarding the physical demands of each of her jobs (R. 186-90).

An updated work background dated January 12, 2018, reflected three jobs for Plaintiff: Errol Estate Country Club as a banquet server from 1998 to 2014, Sweetwater Oaks Country Club as a banquet server from January 2014 to June 2016, and Orlando Country Club, as a hostess/backup server January 2017 to June 2017.[5] (R. 254). Plaintiff also testified that she worked as a "lane waitress" and bartender for PBS of Central Florida at a position that admittedly was above the SGA earnings threshold and encompassed three of the years she reports she worked at Errol Estates as a banquet server (Doc. 20 at 7-10; R. 44, 168).

This is substantial evidence which supports the ALJ's determination that Plaintiff engaged in past relevant work as a waitress informal and could return to that work. See Pena v. Berryhill, No. 16-21376, 2017 WL 2984163, at *4, *9 (S.D. Fla. May 8, 2017).

---

[4] Given her other descriptions, this was likely meant to be 40 hours per week.
[5] Plaintiff filed a second "work background" form, dated May 18, 2017, which reflected she worked at Orlando Country Club January 2016 to July 2016 as a hostess and server assistant (R. 248). It also lists the job at Sweetwater Country Club as being from July 2013 to January 2016 as a banquet server (R. 248). Waffle House is listed as January 2013 to July 2013, and reflects Plaintiff worked as a server but quit because she could not work the graveyard shift (R. 248). On April 5, 2018, Plaintiff filed another similar work background form (R. 272).

The ALJ erroneously found at step five that Plaintiff was a person approaching advanced age when in fact, she is a person of advanced age (Id., at 12-13). Plaintiff believes that if the ALJ had applied the correct framework, the Medical-Vocational Rules would have required a finding that she is disabled (Id.). The Commissioner argues that the error was harmless because the ALJ found Plaintiff capable of performing her past relevant work at step four (Id., at 13). The Court agrees. Because the ALJ determined at step four that Plaintiff could return to her past relevant work, the error in the ALJ's step five analysis was harmless. See Hunter v. Comm'r of Soc. Sec., 609 F. App'x 555, 557 (11th Cir. 2015) (citing Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983)) ("To the extent that an administrative law judge commits an error, the error is harmless if it did not affect the judge's ultimate determination.").

### Conclusion

For the reasons stated above:

(1) The final decision of the Commissioner is **AFFIRMED**; and

(2) The Clerk is directed to enter judgment for the Commissioner and close the case.

**DONE** and **ORDERED** in Orlando, Florida, on April 6, 2020.

THOMAS B. SMITH
United States Magistrate Judge


Copies furnished to:

Richard Culbertson, Esq.
3200 Corrine Drive
Orlando, Florida 32803

Maria Chapa Lopez
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa Street,
Suite 3200
Tampa, Florida 33602

Christopher G. Harris, Regional Chief Counsel, Atlanta
John C. Stoner, Deputy Regional Chief Counsel
Nadine D. Elder, Branch Chief
Jennifer Patel, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Janet Mahon
U.S. Administrative Law Judge
c/o Office of Hearings Operations
3505 Lake Lynda Drive
Suite 300
Orlando, Florida 32817-9801